UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| YA-FENG WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-350-WTL-WGH |
| | ) | |
| GREENE COUNTY SHERIFF TERRY D. PIERCE; GREENE COUNTY SHERIFF'S DEPUTY RICHARD T. COLVIN; and GREENE COUNTY SHERIFF'S DEPUTY HOMER ABRAMS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT ABRAMS' MOTION TO DISMISS

### Introduction

The original complaint, filed by Ya-Feng Wang four days before the statute of limitations expired, named as defendants Greene County Sheriff Terry Pierce, Sheriff's Deputy Colvin, and "Greene County Sheriff's Deputy John Doe" (DE 1). After the limitations period expired, plaintiff Wang was granted leave to amend the complaint to add Deputy Homer Abrams as a defendant (DE 21). Defendant Abrams is entitled to dismissal because the claim against him is barred by the two-year statute of limitations.

Naming a defendant as "John Doe" does not toll the statute of limitations. The claim against a new defendant is timely only if it relates back to the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure  A plaintiff's lack of knowledge of the identity of a party is not a "mistake concerning the proper party's identity" that is required to support relation back of an amendment, so the addition of Deputy Abrams in this case is barred.

1

## Course of Proceedings

The incident upon which plaintiff Wang's claim is based occurred on September 15, 2012. Complaint ¶ 12 (DE 1). This action was commenced on September 11, 2014. *Id.* It is founded on 42 U.S.C. § 1983. *Id.* ¶ 8. The defendants named in the original complaint were:

- Greene County Sheriff Terry D. Pierce
- Greene County Sheriff's Deputy Colvin
- Greene County Deputy John Doe

*Id.* The complaint alleged that Deputies Colvin and "Doe" injured Plaintiff during the course of a traffic stop, violating his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution as well as Article 1, Section 16 of the Indiana Constitution. *Id.* ¶¶ 17-20.

On December 10, 2014, Wang moved for leave to amend the complaint to "substitute" Deputy Homer Abrams for defendant "John Doe." Motion for Leave to Amend (DE 19). He asserted, "At the time of filing his Complaint, Plaintiff did not know the exact names of the Greene County Sheriff's deputies that were involved in the incident which gave rise to his Complaint." *Id.* ¶ 2. He stated that as a result of informal discovery, he had learned that Homer Abrams was the deputy identified as "John Doe." *Id.* ¶¶ 4-5. The Court granted the motion for leave to amend on December 11, 2014. Order (DE 20). The Amended Complaint was filed on December 11, 2014. Amended Complaint (DE 21).

## Argument

Section 1983 does not have a statute of limitations, so the limitations period is borrowed from the state where the claim is brought, based on the most closely analogous limitations period for a personal injury claim. *Wilson v. Garcia*, 471 U.S. 261 (1985). For cases brought in Indiana, that period is two years from the date the claim accrued. Ind. Code § 34-11-2-4;

*Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 700 (7th Cir. 2005), *cert denied*, 547 U.S. 1004 (2006). A statute of limitations defense can be decided on a motion to dismiss under Rule 12(b)(6) if the factual allegations of the complaint support it. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

The two-year limitations period expired on September 15, 2014. The original complaint was filed four days before that date, but naming a "John Doe" defendant does not serve as a placeholder to toll the statute of limitations. *Roddy v. Canine Officer*, 293 F.Supp.2d 906, 913 (S.D. Ind. 2003) (citing *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)).

The question is whether the addition of defendant Abrams by motion granted on December 11, 2014, related back to the filing of the original complaint on September 11, 2014, under Rule 15(c)(1). That rule provides:

> **(1)** **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In this case, the amendment to add defendant Abrams does not relate back because the final required element of "mistake" is missing. Regardless of when he became aware of the action, defendant Abrams did not know nor should he have known that the action would have been brought against him but for a "mistake concerning the proper party's identity." That is because, as a matter of law, plaintiff Wang cannot show that his failure to name Abrams was a "mistake."

The Seventh Circuit has held that a plaintiff's lack of knowledge of a defendant's identity is not a "mistake" within the meaning of Rule 15(c), such that the plaintiff could amend the complaint outside the statute of limitations period upon learning the defendant's identity. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("Not knowing a defendant's name is not a mistake under Rule 15."). Accordingly, once the statute of limitations period expires, the plaintiff cannot amend his complaint to substitute a new party in the place of a defendant originally named as "John Doe." *Gomez v. Randle*, 680 F.3d 859, 864 n. 1 (7th Cir. 2012) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)).

Based on these authorities, this Court has observed that "constructive notice of the lawsuit and a lack of prejudice are not sufficient to justify a Rule 15(c) relation back of an amendment adding new defendants when the basis for the change is due to a lack of knowledge of the proper party." *Hodge v. County of Delaware*, No. 1:09-cv-519-WTL-DML, 2009 WL 3415131, at *2 (S.D. Ind. Oct. 16, 2009) (citing *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000)). "In other words, 'mistake' does not include the delayed discovery of the identity of a previously unidentified defendant." *Vela v. Wheeler*, No.

1:06-cv-1481-SEB-JMS, 2007 WL 2473488, at *4 (S.D. Ind. Aug. 28, 2007) (citing *Baskin*, 138 F.3d at 704).

The mistake requirement is independent from whether the purported substitute party knew that action would be brought against her, so the date of notice to the defendant is irrelevant if there was no mistake under the rule. *King*, 201 F.3d at 914; *Vela*, 2007 WL 2473488, at *3 (citing *Baskin*, 138 F.3d at 704).

Wang's naming of "Deputy John Doe" did not serve to toll the limitations period that expired on September 15, 2014. When he sought leave to add Homer Abrams as a defendant on December 10, 2014, Wang stated that he simply "did not know" the names of all the deputies who were involved in the incident. Motion for Leave to Amend ¶ 2 (DE 19). Such lack of knowledge is not a "mistake" as required for the amendment to relate back, so the claim against defendant Abrams is time-barred as a matter of law.

## **Conclusion**

The claim against defendant Abrams is barred by the statute of limitations, so the amended complaint fails to state a claim against Abrams. Defendant Abrams is entitled to dismissal with prejudice, and further requests that the Court expressly direct the entry of final judgment in his favor pursuant to Rule 54(b).

    Respectfully submitted,

    STEPHENSON MOROW & SEMLER

    s/ *Wayne E. Uhl*
    Wayne E. Uhl, Attorney No. 14463-49

    *Counsel for Defendants*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I certify that this document was filed electronically on March 5, 2015. Service of the document on the registered attorney(s) listed below is by operation of the Court's electronic case filing system, and they may access the document through that system:

Christopher E. Clark, cclark@goodinabernathy.com
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN 46240

                                          s/ *Wayne E. Uhl*
                                          Wayne E. Uhl

STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, Indiana  46280
Phone: (317) 844-3830
Fax:    (317) 573-4194
Email:  wuhl@stephlaw.com

14-6632/brief.mtd.abrams.final.doc/mmi